UNITED STATES of America, Appellee,

v.

Octavie FINCE, Appellant.

No. 81–5117.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1981.

Decided Feb. 16, 1982.

Certiorari Denied May 17, 1982.

See 102 S.Ct. 2256.

Nancy Blair Viccellio, Arlington, Va., for appellant.

William Graham Otis, Sp. Asst. U. S. Atty., Alexandria, Va. (Justin W. Williams,

U. S. Atty., Alexandria, Va., on brief), for appellee.

Before RUSSELL and HALL, Circuit Judges, and FIELD, Senior Circuit Judge.

FIELD, Senior Circuit Judge:

Following a jury trial, Octavie Fince was convicted of aiding and abetting the importation of cocaine in violation of 21 U.S.C. §§ 952(a), 960 and 18 U.S.C. § 2; and of aiding and abetting the possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2. In appealing her convictions, the only issue raised by Fince is whether the district court erred in failing to provide her with the services of a chemist pursuant to 18 U.S.C. § 3006A(e).[1]

Some three weeks prior to trial, the district court conducted a hearing on various motions, and at that time appellant's counsel asked that she be permitted to employ an expert witness to determine whether the cocaine seized was the "particular type of cocaine that is a forbidden substance". In a colloquy with the court, counsel was somewhat equivocal as to her position on whether there was any type of cocaine which did not fall within the ambit of the statute. She concluded with the statement that "[P]erhaps with a little more research on my part I might renew the motion at a later time."

With respect to her pretrial motion, it is clear that the district court did not err in declining to provide appellant with the services of a chemist prior to trial. Under § 3006A(e), counsel for an indigent defendant may request the services of an expert to assist in preparing for trial, and the court may authorize such services "[u]pon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary" for an adequate defense. Under the statute, the appellant's request for an expert requires that she make at least a minimal showing that the contemplated use of the chemist's services could buttress a viable defense. The somewhat vague and equivocal statements of counsel fell far short of such a showing and the district court properly declined to grant the request. We also note, in passing, that at the start of the trial some three weeks later the Court asked counsel if she had any motions at that time and she replied that she did not.

In the course of the trial, the Government called Todd Olson, a DEA forensic chemist. Olson testified that the substance taken from Suarez was approximately 70% pure cocaine. He stated that it was 1-cocaine, a naturally-occurring isomer derived from the coca plant. On cross-examination, Olson testified that he had not compared the substance he tested with all the isomers of cocaine but only with an 1-cocaine sample. He also acknowledged that he did not employ the infrared spectrum test or the melting point test because in his judgment these tests were unnecessary. He stated that to his knowledge 1-cocaine was the only isomer that had actually been derived from the coca plant, although other isomers were theoretically possible.

At the conclusion of Olson's testimony, appellant's counsel moved for the appointment of a chemist which motion was denied. While we agree with the district court that this motion was untimely, we are also of the opinion that the appointment of an expert would have served no useful purpose whatever in this case. In requesting the appointment, counsel indicated that she desired to develop what has been termed as an "isomer defense" upon the theory that there are certain species of cocaine which

---

1. Counsel for the appellant has based her discussion of this question on Rule 17(b), Federal Rules of Criminal Procedure, rather than on § 3006A(e). Since the appellant's claim is that as an indigent she was entitled to the services of a chemist at the Government's expense, the issue is governed by § 3006A(e). In general, however, the issue to be resolved under the statutory standard as well as Rule 17(b) is whether the requested assistance was necessary to an adequate defense.

are not violative of the federal statutes covering the subject. Such a "species defense" was summarily rejected by us with respect to marijuana in *United States v. Sifuentes*, 504 F.2d 845 (4 Cir. 1974), and in our opinion, the "isomer defense" proposed by the appellant in this case is equally meritless. *See United States v. Rosado-Fernandez*, 614 F.2d 50, 53 (5 Cir. 1980).

Since the district court properly denied appellant's request for expert assistance, the convictions are affirmed.

AFFIRMED.