UNITED STATES of America,
Plaintiff-Appellee,

v.

Mark Roland KOLENDA,
Defendant-Appellant.

No. 80–5161.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 7, 1982.

Decided Jan. 10, 1983.

As Corrected Jan. 13, 1983.

James C. Cissell, Gould, Reichert & Strauss, Cincinnati, Ohio (Court-appointed), for defendant-appellant.

James K. Robinson, U.S. Atty., Robert W. Haviland, Asst. U.S. Atty., Flint, Mich., for plaintiff-appellee.

Before KENNEDY and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Mark Roland Kolenda appeals his jury convictions on two counts of distributing or aiding and abetting the distribution of cocaine, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; two counts of possession of cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1); and one count of conspiracy to distribute cocaine, 21 U.S.C. § 846. His major claim on appeal is that the district court erred in not granting his motion for acquittal for the reason that the Government failed to prove that the substance which it presented at trial was a Schedule II controlled substance. We hold this contention to be without merit and affirm the denial of the motion for acquittal.

Expert testimony confirmed that the substance involved in this case was cocaine hydrochloride of the levo rotary isomer type ("1-cocaine"). The relevant statutory section to be applied in determining whether this is a controlled substance is 21 U.S.C.

§ 812(c) (schedule II) (a)(4), which provides as follows:

(a) Unless specifically excepted or unless listed in another schedule, any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis:

(1) Opium and opiate, and any salt, compound, derivative, or preparation of opium or pioate.

(2) Any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of the substances referred to in clause (1), except that these substances shall not include the isoquinoline alkaloids of opium.

(3) Opium poppy and poppy straw.

(4) *Coca leaves and any salt, compound, derivative, or preparation of coca leaves,* and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgonine. (Emphasis added.)

Kolenda argues that the Government failed to prove that the substance in question is a Schedule II controlled substance for two reasons: (1) because there allegedly was no proof offered that the substance in question is a derivative of coca leaves; and (2) because Schedule II allegedly does not cover isomers of cocaine.

We conclude that Schedule II of 21 U.S.C. § 812(c) clearly includes cocaine hydrochloride of the levo rotary isomer type, and that the evidence introduced by the Government was sufficient to establish this fact. A chemist from the Drug Enforcement Administration testified as part of the Government's case-in-chief that cocaine hydrochloride is a salt of cocaine, and that it is a controlled substance. The expert testified further that cocaine hydrochloride of the levo rotary isomer type is a controlled substance.

Any possible question concerning the sufficiency of the Government's proof was eliminated when the district court allowed the prosecution to reopen the evidence. Then a second chemist testified that the levo rotary isomer type of cocaine in its natural form is found in coca plant leaves, and that it is a controlled substance.

Kolenda argues that cocaine hydrochloride is an "isomer" and that "isomers" are not mentioned in 21 U.S.C. § 812(c) (schedule II) (a)(4) quoted above. We find this argument to be confusing and totally meritless. It would render the statute meaningless. Although cocaine hydrochloride is an isomer, the evidence shows that all forms of cocaine compound are isomers of each other. The first D.E.A. expert to testify defined an "isomer" of a substance as "anything that has the same empirical formula." The record demonstrates that cocaine compound may exist in as many as eight molecular arrangements but each one is isomeric to the others. There can be no doubt that the substance involved in the present case is derived from coca leaves and falls within the statutory definition. *See United States v. Fince,* 670 F.2d 1356 (4th Cir.1982); *United States v. Ortiz,* 610 F.2d 280 (5th Cir. 1980); *United States v. Orzechowski,* 547 F.2d 978 (7th Cir.1977).

Kolenda further contends that the district court committed reversible error in permitting the Government to reopen its proof on the issue of the definition of an isomer of cocaine. We hold that the district court did not abuse its discretion in reopening the proof under the circumstances of this case. Kolenda further asserts that the district court erred in granting the government's request for an "aiding and abetting" instruction after the jury had retired. We conclude that this contention is without merit.

Affirmed.