THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD JEWSBURY, Respondent.—Order unanimously modified, on the law, by reinstating counts one, two, five and six of the indictment and, as modified, affirmed. Memorandum: The court erred in dismissing the first, second, fifth and sixth counts of the indictment because of legal insufficiency.

The first two counts of the indictment charge defendant with criminal possession of a controlled substance (cocaine) with intent to sell (Penal Law § 220.16 [1], [12]). The evidence before the Grand Jury consisted of testimony of one Michael Sheehan, supported by transcripts of wiretaps of defendant's telephone conversations, where it appears that in late August or early September of 1982, Sheehan sought defendant's assistance in obtaining cocaine, as well as the loan of money to pay for the drug. Defendant indicated his willingness to help and indicated that the transaction for an ounce of cocaine would cost Sheehan $2,200, $2,000 for the drugs and $200 for the use of defendant's money. A short time later, defendant telephoned Sheehan to tell him to pick up a package on the front seat of defendant's car. Sheehan testified that he retrieved the package from defendant's car and found that it contained a white powder, which he ingested and determined to be cocaine because of prior experience he had with the drug. He further testified that he "cut" the cocaine and paid defendant for the drug from the proceeds he received from its resale. From this testimony, possession of the drug by defendant can readily be inferred or, at the very least, his constructive possession by having it in his car before Sheehan picked it up. This testimony is sufficient to support the first two counts of the indictment.

The fifth count of the indictment charges defendant with criminal sale of a controlled substance (cocaine) in the third degree (Penal Law § 220.39 [1]), and arises out of the same drug transaction between Sheehan and defendant as in the first two counts of the indictment. Sheehan testified before the Grand Jury that defendant received a benefit from the trans-

action, namely, $200 above his cost for the use of his money in procuring the cocaine for Sheehan.

On this issue, defendant's argument that he could not be guilty of the sale of drugs because he was acting as an agent for Sheehan, the buyer, is unavailing at this point of the proceedings. As indicated above, Sheehan testified that defendant received a benefit from the transaction, namely, $200 above his cost for the use of his money in procuring the cocaine for Sheehan. "The determination as to whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case [citations omitted]" *(People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935).

Sheehan is an accomplice as a matter of law and, as such, his testimony requires corroboration. "Corroborative evidence 'need not itself prove commission of the crime. Rather, it is sufficient if * * * [it] tends to connect the defendant to the crime so as to reasonably satisfy the [trier of the fact] that the accomplice is telling the truth' " *(People v Potenza,* 92 AD2d 21, 27, quoting *People v Glasper,* 52 NY2d 970, 971). This is amply provided for by the taped telephone conversations obtained pursuant to a legal wiretap of defendant's telephone.

The sixth count of the indictment charges defendant with conspiracy in the fourth degree. Penal Law § 105.10 provides: "A person is guilty of conspiracy in the fourth degree when, with intent that conduct constituting: 1. a class B or class C felony be performed, he agrees with one or more persons to engage in or cause the performance of such conduct".

Criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree are both class B felonies, and Sheehan's testimony indicates that defendant agreed to provide him with cocaine for resale, knowing that Sheehan would be committing the felonies of possession and sale of a controlled substance.

Penal Law § 105.20 provides that: "A person shall not be convicted of conspiracy unless an overt act is alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy."

An overt act is necessary to manifest the fact that the conspiracy is at work, and is no longer a project resting solely in the minds of the conspirators *(People v Ortiz,* 100 AD2d 6, 10). The indictment alleges several overt acts committed by defendant in furtherance of the conspiracy, including defen-

dant telling Sheehan to go to his car to find a package which contained cocaine; defendant receiving $1,700 from Sheehan in early September 1982; defendant wiring $2,000 to Angelo Marino; defendant arranging for Sheehan to meet Marino in Syracuse to pick up cocaine; and defendant receiving $1,500 from Sheehan in late September 1982. Any one of these acts committed in furtherance of the conspiracy, if proven at trial, would satisfy the requirement of Penal Law § 105.20.

Finally, defendant's argument that the evidence provided by Sheehan that the substance he received in the two transactions is insufficient to establish that it was, in fact, cocaine is without merit. In *People v Lynch* (85 AD2d 126) we held that drug users who speak from experience and observation with drugs can identify drugs in court. If users can demonstrate a knowledge of the narcotic, they are competent to testify. The weight to be given the testimony is for the jury to determine. As indicated above, Sheehan testified as to his experience with the drug, and his identification of the substance he received as cocaine was sufficient, at least to support the indictment.

Insofar as the indictment charged defendant with criminal possession of a controlled substance in the third degree (counts three and four of the indictment), the court was correct in dismissing these charges. There is no evidence that defendant ever possessed or constructively possessed any cocaine at any time during the alleged transactions involving these counts. (Appeal from order of Monroe County Court, Maloy, J.—dismiss indictment.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.