410 S.E.2d 273

**In the Matter of Ozell EPLIN, Magistrate of Cabell County.**

**No. 19768.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 10, 1991.

Decided Oct. 16, 1991.

Charles R. Garten, The Judicial Investigation Com'n of West Virginia, Charleston, for complainant.

Ozell Eplin, pro se.

John W. Stapleton, Stapleton and Stapleton, Huntington, on brief, for respondent.

PER CURIAM:

This is a judicial disciplinary proceeding in which the Judicial Hearing Board recommends that Ozell Eplin, a magistrate in Cabell County, be publicly reprimanded for failing to maintain professional competence and for failing to discharge his administrative responsibilities diligently. The Board also recommends that Magistrate Eplin be required to pay the costs in this matter. After independently examining the record, we concur in the Board's recommendations, and we find that Magistrate Eplin should be given a public reprimand and be required to pay the costs of the proceeding.

On December 15, 1989, a complaint was filed by the Judicial Investigation Commission alleging that Magistrate Eplin signed blank "Jail Commitment or Release Forms"

and "Rearrest Forms," which were found in public areas in the Cabell County Court House. The complaint also alleges that Magistrate Eplin photocopied the signed blank forms and used these forms to issue jail commitments, jail releases and rearrest warrants. These actions by Magistrate Eplin allegedly violated Canon 2 A, Canon 3 A (1) and (5) and Canon 3 B (1) and (2) of the *Judicial Code of Ethics* [1989].[1]

On March 28, 1991, a hearing was held before the West Virginia Hearing Board. During the hearing Jack Neal, a magistrate for Cabell County, testified that four files handled by Magistrate Eplin contained "rearrest warrants," on which a photocopy of Magistrate Eplin's signature appeared. Magistrate Neal also said that because he had handled one of the cases, he knew that the original rearrest warrant contained Magistrate Eplin's photocopied signature. According to Magistrate Neal, each file should contain the original rearrest warrant returned by the Sheriff's office with an original notation of service. Two of the rearrest warrants submitted by Magistrate Neal to the Board had the Sheriff's original notation of service and a photocopied signature of Magistrate Eplin.

Fred Jeffery, a bail bondsman, testified at the hearing that he had found blank rearrest warrants and a blank jail commitment or release form containing the photocopied signature of Magistrate Eplin on the floor and on a bench in the public areas of the Cabell County Courthouse. Mr. Jeffery also testified that on one night the magistrate assistant gave him a completed release form containing Magistrate Eplin's photocopied signature. Mr. Jeffery claimed not to have seen Magistrate Eplin that evening.

David Burkhead, a Deputy Inspector for the State of West Virginia, testified that during an audit of the magistrate court files of Cabell County, he found a completed rearrest warrant containing Magistrate Eplin's photocopied signature.

The Board examined several exhibits of original rearrest warrants and blank forms containing Magistrate Eplin's photocopied signature.

Magistrate Eplin and his assistant, Betty Jo Wolford, testified that they did not use blank forms with a photocopied signature of Magistrate Eplin. Magistrate Eplin denied signing blank forms and leaving the pre-signed forms in his office. Magistrate Eplin testified that although it was possible that before 1987–88 he may have signed some blank forms and given them to his assistant to complete, he had not done so since 1988.

The Judicial Hearing Board found that Magistrate Eplin had signed both blank rearrest warrants and blank jail commitment or release forms and had allowed these pre-signed blank forms to be circulated in the Cabell County Courthouse. The Board also found that Magistrate Eplin had used or allowed the use of his photocopied signature on these forms. The Board decided that the evidence did not show a violation of Canon 2 A of the *Judicial Code of Ethics* [1989] but did show that Magistrate Eplin had violated Canon 3 A (1) and Canon 3 B (1) and (2) of the *Judicial Code of Ethics*. Based on these violations of the *Judicial Code of Ethics*, the Board recom-

---

1. Canon 2 A of the *Judicial Code of Ethics* [1989] states:

A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Canon 3 A (1) and (5) of the *Judicial Code of Ethics* [1989] state:

A. Adjudicative Responsibilities.

(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism....

(5) A judge should dispose promptly of the business of the court.

Canon 3 B (1) and (2) of the *Judicial Code of Ethics* [1989] state:

B. Administrative Responsibilities.

(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.

(2) A judge should require his staff and court officials subject to his direction and control to observe the standards of fidelity and diligence that apply to him.

mended that Magistrate Eplin be publicly reprimanded and be required to pay the costs of the proceeding.

In Syllabus Point 4 of *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983), we said:

> Under Rule III(C)(2) (1983 Supp.) of the West Virginia Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates, the allegations of a complaint in a judicial disciplinary proceeding "must be proved by clear and convincing evidence."

*In accord*, Syllabus Point 3, *Matter of Crislip*, 182 W.Va. 637, 391 S.E.2d 84 (1990). Following our traditional role in judicial disciplinary matters, we independently evaluated the evidence in the record and considered the appropriateness of the sanctions recommendation by the Board. In Syllabus Point 1, *West Virginia Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427 (1980), we stated:

> The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings.

*In Accord*, Syllabus Point 1, *Matter of Crislip, supra;* Syllabus, *Matter of Gorby*, 176 W.Va. 11, 339 S.E.2d 697 (1985); Syllabus Point 1, *In re Markle*, 174 W.Va. 550, 328 S.E.2d 157 (1984); Syllabus Point 1, *Pauley, supra.*

We believe the evidence in this case clearly and convincingly shows that Magistrate Eplin signed blank rearrest warrants and blank jail commitment release forms and, then, used or allowed the use of pre-signed blank forms. Indeed the physical evidence of blank forms with Magistrate Eplin's photocopied signature and original forms from court files with Magistrate Eplin's photocopied signature provides the proverbial smoking gun. The signing of blank forms and the use of pre-signed blank forms constitutes a failure to comply with appropriate procedures for completing court documents, a failure to maintain professional confidence in the law, and a failure to maintain professional competence in

discharging administrative responsibilities. *See Matter of Osburn*, 173 W.Va. 381, 315 S.E.2d 640 (1984) (publicly reprimanding a magistrate who did not personally appear in his office but, by telephone, authorized the use of his rubber signature stamp on a commitment form). The failure of Magistrate Eplin to sign personally only completed forms has the potential for grave harm.

Based on our independent evaluation of the record, we agree with the Judicial Hearing Board and conclude that Magistrate Eplin's signing of blank forms and, then, using the pre-signed blank forms violates Canon 3 A (1) and 3 B (1) and (2) of the *Judicial Code of Ethics* [1989]. Although there is substantial evidence that Magistrate Eplin also violated Canon 2 of the *Judicial Code of Ethics* [1989], we do not find that evidence to be clear and convincing. We also find the evidence of a violation of Canon 3 A (5) of the *Judicial Code of Ethics*, [1989], is insufficient.

Accordingly, the Court reprimands Magistrate Eplin and orders him to pay the costs of the proceeding.

Public Reprimand and Costs of Proceeding.