418 S.E.2d 597

**STATE of West Virginia**

v.

**Robert M. GRAY.**

**No. 20733.**

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1992.

Decided May 28, 1992.

James P. Carbone, Asst. Atty. Gen., Mario J. Palumbo, Atty. Gen., Charleston, for appellee.

Charles A. Riffee, II, Caldwell, Cannon–Ryan & Riffee, Charleston, for appellant.

NEELY, Justice:

A Putnam County jury convicted Robert M. Gray of the first-degree murder of John Janey and recommended mercy. Mr. Gray now appeals, alleging that: (1) an involuntary confession was improperly admitted into evidence; (2) the jury was tainted by pretrial exposure to the case; and (3) the jury improperly was allowed to take evidence with it into the jury room. We affirm.

Raymond Huck hired Robert Gray to set fire to his house in Putnam County so that Mr. Huck could obtain insurance money from Nationwide Insurance Company. Although the details are not clear from the record, Nationwide somehow received rumor of this criminal enterprise. John Janey, an off-duty police officer employed by Nationwide, saw Mr. Gray enter the house and pour gasoline throughout. After radioing for assistance, Officer Janey attempted to arrest Mr. Gray. Because Officer Janey was killed, the only record of what happened next are statements by Mr. Gray. We do know, however, that before Mr. Gray shot and killed Officer Janey, Officer Janey was able to place one handcuff on

Mr. Gray. After Mr. Gray killed Officer Janey, Mr. Gray fled the scene and eluded police officers for several hours before they captured him. Upon his arrest, Mr. Gray claims that the arresting officers beat him and that they quit beating him only when he agreed to confess to Officer Janey's murder. The officers say that Mr. Gray's injuries were sustained in his struggle with Officer Janey and in a minor fall.

The jury that tried and convicted Mr. Gray included five jurors who previously had been impaneled to serve on the jury for the trial of Raymond Huck. However, Mr. Huck pled guilty before trial. Mr. Gray's lawyer objected to the make-up of the jury because of the widespread pretrial publicity in Putnam County, but the circuit court chose not to summon a new jury panel and allowed the jury members who had been chosen for Mr. Huck's trial to remain on Mr. Gray's jury.

## I.

In this case, our greatest concern is the defendant's allegation that his confession was not freely given. As we said in Syllabus Point 3 of *State v. Smith*, 186 W.Va. 33, 410 S.E.2d 269 (1991):

A confession that is involuntary in fact is inherently unreliable. A confession under torture is worthless for all purposes.

In *Smith*, however, the defendant provided objective third-party evidence that he had indeed been beaten. In this case, the defendant offers only his own testimony. Mr. Gray says that the officers beat him, but the officers say they did not. Objective evidence (including a photograph) shows that Mr. Gray did have some minor cuts and bruises, but these injuries were consistent with his struggle with Officer Janey and his flight through the woods to elude the police. There certainly is not sufficient evidence to show that the circuit court, when presented with the evidence firsthand, erred in holding Mr. Gray's confession admissible. As we said in Syllabus Point 1 of *State v. Haller*, 178 W.Va. 642, 363 S.E.2d 719 (1987):

"A trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence." Syl.Pt. 3, *State v. Vance*, 162 W.Va. 467, 250 S.E.2d 146 (1978).

Accordingly, we find that the circuit court was not clearly wrong in admitting Mr. Gray's confession.

## II.

The defendant also claims that because of pretrial publicity the circuit court should have impaneled a jury from outside Putnam County. However, *W.Va.Code*, 52-1-14 [1986] provides:

In any criminal case in any court, if in the opinion of the court, or the judge thereof in vacation, qualified jurors, not exempt from serving, cannot be conveniently found in the county in which the trial is to be, the court, or the judge thereof in vacation, shall enter an order of record to such effect and may cause so many jurors as may be necessary to be summoned from any other county. In such order the court, or the judge thereof in vacation, shall fix a day on which the jurors shall be required to attend and in the order shall indicate the county from which the jurors shall be drawn and the number of jurors to be drawn. An attested copy of the order shall be certified to the circuit court of the county designated, or the judge thereof in vacation, and thereupon such circuit court or the judge thereof in vacation, shall, by order, direct that a jury be drawn in the manner provided by law for the drawing of petit jurors and proceedings respecting the drawing of the jurors, including the names of the jurors so drawn, shall be certified by the clerk of the circuit court of the county designated to the clerk of the court wherein the trial is to be. Thereupon, the clerk of the circuit court of the county from which the jurors are to be drawn shall summon, in the manner provided in section nine [§ 52-1-9] of this article, the jurors so drawn to attend for jury service in the county wherein the trial is to be held.

*W.Va.Code*, 52–1–14 [1986] vests discretion in the trial court to decide whether qualified jurors can be found in the county in which the trial is located. We will not overturn decisions not to summon a new jury panel unless they are clearly wrong, and in this case the circuit court allowed extensive voir dire before determining that a fair and impartial jury was available in Putnam County.

 The defendant also claims that he was prejudiced because five of the jurors who convicted him were also impaneled to serve on the jury of Raymond Huck.[1] However, Mr. Huck pled guilty before the trial began. Furthermore, the Huck jury was *sequestered* at the time Mr. Huck entered his plea. The circuit court allowed Mr. Gray's counsel extensive voir dire and the opportunity to probe for any prejudice towards his client. After this extensive voir dire, the jury was impaneled. When a circuit court determines that a juror can act fairly and impartially and render a just verdict at trial, that juror is not disqualified to serve solely because he was impaneled to serve as a juror at the trial of a different defendant charged with crimes arising out of the same set of circumstances. We find that the trial court did not abuse his discretion in either deciding not to summon a new jury panel or in allowing members of the Huck jury to serve on the jury that convicted Mr. Gray.

**III.**

 Mr. Gray also complains that a transcript of a tape recording was improperly taken into the jury room. The transcript was of a tape recording that had been admitted into evidence, but the transcript itself was never admitted into evidence. The inclusion of this transcript with the other exhibits was inadvertent, and the jury foreman returned the transcript to the court within 20 minutes after the jury adjourned. Neither we nor the circuit court have reason to believe that the jurors reviewed the transcript, and, therefore, we find this incident insufficient to require a reversal of the jury's verdict. Furthermore, as we stated in Syllabus Point 5 of *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977):

> "Failure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syllabus point 5, *State ex rel. Grob v. Blair*, 158 W.Va. [647], 214 S.E.2d 330 (1975).

Even if there was error in the transcripts reaching the jury room, we find that it was harmless beyond a reasonable doubt.[2]

For the foregoing reasons, the judgment of the Circuit Court of Putnam County is affirmed.

Affirmed.

---

1. The State responds that we held in Syllabus Point 3 of *State v. Carduff*, 142 W.Va. 18, 93 S.E.2d 502 (1956):

   > When it appears that a juror in a subsequent criminal case can fairly and impartially act and render a just verdict upon the evidence adduced at the trial, he is not disqualified to serve as such in the subsequent case merely by reason of his service as a juror or his presence as a spectator at a prior trial of a different defendant charged with a different but similar offense, although the evidence is similar and the witnesses in behalf of the prosecution are the same in each case.

   We decline to address the continuing viability of our broad holding in *Carduff*. However, Mr. Gray's case is not *Carduff*. In *Carduff*, the jurors actually heard both cases. None of Mr. Gray's jurors heard evidence in Mr. Huck's case because no evidence was taken.

2. The defendant also makes moment of the application of the felony-murder rule in this case. We have previously found our felony-murder statute constitutional, (*see, State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978)) and we decline to return to that issue today. Further, we do not find reversible error in the circuit court's application of the felony-murder rule in this case. The defendant also claims that some of the State's evidence including a bloody photograph of Mr. Gray were unduly prejudicial and that the circuit court should not have allowed this evidence to be admitted. Finally, the defendant appeals the denial of his motions for directed verdict and for a new trial. We have reviewed these other assignments of error and find them to be without merit.