OKLAHOMA COUNTY SHERIFF, Gene Wells, Petitioner,

v.

The Honorable Stewart HUNTER, District Judge for the Seventh Judicial District of the State of Oklahoma, Respondent.

No. 55081.

Supreme Court of Oklahoma.

June 3, 1980.

James P. Laurence, Asst. Dist. Atty., Oklahoma County, for petitioner.

Jack S. Dawson, Hunt, Dawson & Gile, Oklahoma City, for respondent.

SIMMS, Justice:

Petitioner, Sheriff of Oklahoma County, who is a defendant in a replevin action, asks this Court to assume original jurisdiction and prohibit Respondent District Judge of Oklahoma County from enforcing Oklahoma County District Court Rule 41(1), which reads in pertinent part:

"INTERROGATORIES: Unless otherwise permitted by the Court for cause shown, no party may serve upon any other party more than one set of forty (40) interrogatories including all parts and subjects."

Petitioner argues the Court Rule contravenes the provisions of 12 O.S.1971, § 549, and the statute must prevail under the authority of *Transok Pipeline Co. v. Darks, Okl., 515 P.2d 218 (1973).*

We agree, assume original jurisdiction and issue a writ of prohibition.

The facts are that law enforcement officers of Oklahoma City and County executed

a search warrant directed to property in the possession of Michael Casteel. The officers seized stereo equipment, television sets, and firearms believed by the officers to be contraband or stolen. Subsequently, Casteel was convicted of two charges of Concealing Stolen Property, After Former Conviction of a Felony. These charges were based on specific items of personal property seized during execution of the search warrant. Casteel then filed a replevin action against the Sheriff seeking return of approximately 28 items taken in the raid but which were not the subject of criminal prosecution. The 28 items are alleged to be in possession of the Sheriff. The Sheriff, through the District Attorney, served Casteel's attorney with interrogatories directed toward the interest claimed by Casteel in each item of property and the source of his interest. The interrogatories consisted of a total of some 333 separate parts and subparts.

Casteel filed an Objection to Interrogatories predicated upon their number being violative of Rule 41, supra, and the Court sustained objections to the entire set of interrogatories.

Title 12, O.S.1971, § 549, supra, provides in part:

"(a) * * * Interrogatories may be served after the commencement of the action and *without leave of court,* * * Interrogatories may relate to any matters which can be inquired into by deposition, and the answers may be used to the same extent as answers in depositions. Interrogatories may be served after a deposition has been taken and a deposition may be sought after interrogatories have been answered, but the court, *on motion of the deponent or the party interrogated,* may make such order as justice may require.

"(b) The numbers of interrogatories or of sets of interrogatories to be served *is not limited,* except as justice requires to prevent the party from annoyance, expense, embarrassment, or oppression. * * * (Emphasis added)

The conflicts between Rule 41 and § 549 can be readily seen by the following table which is contained in petitioner's brief:

| Section 549 | Rule 41 |
|---|---|
| 1. Interrogatories may be served without leave of Court after service of summons. | 1. Leave of Court required before more than 40 interrogatories (included parts and subparts) or more than one set may be served. |
| 2. No limit on the number of interrogatories or sets of interrogatories. | 2. One set of no more than 40 interrogatories (including parts and subparts) may be served without leave of court. |
| 3. Party answering interrogatories may seek order protecting him from annoyance, expense, embarrassment or oppression. | 3. Proponent of interrogatories must seek leave of court for, cause shown, to serve more than 40 interrogatories (including parts and subparts) or more than one set of interrogatories. |

■ A Court Rule may not contravene a statute and where the rule and statute are inconsistent, the statute must prevail. *Transok Pipe Line v. Darks, Okl., 515 P.2d 218 (1973).*

■ This court is committed to a preference for full and open discovery procedures. *City of Edmond v. Parr, Okl., 587 P.2d 56 (1978); Davis v. Davis, Okl., 536 P.2d 915 (1975); State ex rel., Remington Arms Co., Inc. v. Powers, Okl., 552 P.2d 1150 (1976).* Section 549 places the burden upon the party to whom interrogatories are directed to seek a protective order. We are of the opinion that protective orders must be considered on a case by case basis, and not by a court rule which tends to restrict the use of interrogatories.

■ As we said in addressing the question of § 549 protective orders in *Independent School Dist. No. 40 v. Sarkeys, Inc., Okl., 569 P.2d 1000 (1977),* "We cannot say there could be no situation under which a court could not apply the principle of judicial parsimony. However, that principle cannot become an absolute rule."

LET THE WRIT ISSUE.

LAVENDER, C. J., and WILLIAMS, HODGES, DOOLIN and HARGRAVE, JJ., concur.

IRWIN, V. C. J., and BARNES and OPALA, JJ., dissent.