BANK IV OKLAHOMA, N.A., Appellee,

v.

SOUTHWESTERN BANK & TRUST COMPANY, an Oklahoma Banking Corporation, Appellant.

No. 86910.

Supreme Court of Oklahoma.

March 18, 1997.

A. Daniel Woska, Gary R. Underwood, Donya Hicks Dunn, Oklahoma City, for Appellant.

Edward O. Lee, John W. Mee, III, Truman E. Coe, Lee & Mee, Oklahoma City, for Appellee.

SUMMERS, Vice Chief Justice.

Two banks are litigating which of them should bear the loss for a check drawn on a closed account. The merits of that dispute are not before us at this time. Our review today is limited to Bank IV's motion to dismiss Southwestern Bank's appeal.[1] By unpublished order we previously granted the motion. We now grant rehearing, vacate the order of dismissal, and deny Bank IV's motion to dismiss. We conclude that the appeal was timely filed, and allow it to proceed.

The posture of the case is that a motion for summary judgment was sustained for Plaintiff, Bank IV, in the amount of $86,839.75, on December 29, 1995. The trial judge's order was handwritten on a court minute form and filed that date. However, the judge crossed out the word "minute" and wrote in the word "order".

Defendant/Appellant learned of the court's action by telephone, and later received a copy. We need not recite the other circumstances surrounding the December 29 filing, because if that order is the appealable one, even under Appellant's version and theory, its petition in error is one day out of time. The journal entry of judgment was filed January 12, 1996, which means that if *it* is the appealable order here, Appellant's petition in error of February 2 is in plenty of time.

■ Southwestern Bank filed its petition in error on February 2, 1996, and an amend-

ed petition in error on February 14, 1996.[2] Bank IV argues Southwestern Bank's petition in error filed February 2 was untimely for reason that it was filed more than 30 days after December 29, 1995. We conclude that Southwestern Bank's appeal is timely because of 12 O.S.1993 Supp. § 696.2, our recent opinion *McMillian v. Holcomb*, 907 P.2d 1034 (Okla.1995), and Rule 12 of the Rules for the District Courts of the Seventh Judicial District.[3]

Section 696.2 says in pertinent part:

"The following shall not constitute a judgment, decree, or appealable order: .... informal statement of the proceedings and relief awarded, including, but not limited to ... instructions for preparing the judgment, decree, or appealable order"

We recently held that "an order directing the prevailing party to prepare a journal entry or judgment of the court's decision makes that order containing the direction a non-appealable event." *McMillian*, 907 P.2d at 1036. Appellant Southwestern Bank argues on rehearing that Bank IV was required by local court rule to prepare a journal entry of judgment, and that this rule has the same effect as if it were specifically stated in the order of December 29th. We agree.

■ Rule 12 of the Seventh Judicial District in effect at the time of the December 29th order states in part:

When a motion is ruled on, *counsel for the prevailing party shall within ten (10) days thereafter prepare a journal entry of the ruling and present it to counsel for the adverse parties,* and if it be approved by all the attorneys, it shall be presented to the court for signature. If counsel are unable to agree upon the form of journal

---

1. The style of this appeal has been corrected *sua sponte* to conform to statute, the rules of this Court, and our prior opinions. See the explanations at *Vickers v. Boyd*, 836 P.2d 1269, 1270 n. 1 (Okla.1992) and *MBA Commercial Const. v. Roy J. Hannaford*, 818 P.2d 469, 471 n. 2 (Okla.1991). *See also Meadows v. Pittsburg Bd. of County Commissioners*, 898 P.2d 741 n. 1 (Okla.1995); *Seitsinger v. Dockum Pontiac Inc.*, 894 P.2d 1077, 1079 n. 2 (Okla.1995); *Keel v. Wright*, 890 P.2d 1351, 1352 n. 1 (Okla.1995).

2. Bank IV filed a counter-petition in error on February 28, 1996 and an amended counter-petition in error on April 4, 1996. Bank IV challenges therein the District Court's denial of Bank IV's motion for attorney's fees and sanctions. The journal entry of the trial court's order on attorney's fees was filed on February 20, 1996. Bank IV's appeal remains a part of Southwestern Bank's appeal for subsequent appellate disposition on the merits of both at a later date.

3. Rule 12 is found in Oklahoma Court Rules and Procedure: State (West 1996).

entry, the prevailing party shall give notice of presentation and present the matter for settlement of journal entry at the next motion day of the division in which said matter was heard, or such other time as the assigned judge shall direct. (emphasis added)

This local rule clearly requires counsel for the prevailing party, in this case Bank IV, to prepare the journal entry and present it to opposing counsel, in this case Southwestern's.

■ District Courts may impose a local rule that has the force and effect of law when it does not conflict with statute, the Oklahoma Constitution or U.S. Constitution. *Texas Oklahoma Express v. Sorenson,* 652 P.2d 285, 287 (Okla.1982); *Oklahoma County Sheriff v. Hunter,* 615 P.2d 1007, 1008 (Okla. 1980). See *Petuskey v. Freeman,* 890 P.2d 948, 950 (Okla.1995), where we discussed the statutory authority of a presiding judge, and 20 O.S.1991 Ch. 1, App. 2, Rule 8, providing that a chief judge of a district court has the power to adopt rules consistent with those adopted by the Supreme Court and the presiding judge.

Local rule 12 also states that: "Compliance with Rule 4 of The Rules for District Courts adopted by Supreme Court shall be mandatory." Rule 4 of the Rules for District Courts states in part that: "The ruling of the court on a motion shall be memorialized by an order prepared by the moving party, or as directed by the court, and shall be filed in the case." 12 O.S.Supp.1993 Ch. 2, App.Rule 4 at (f). Local Rule 12 is consistent with the Rules for the District Courts. Appellee, Bank IV, does not challenge the effectiveness of Rule 12, and we conclude that it has the force and effect of law.[4]

■ One obvious purpose of certain local rules is to require conduct in the case by the parties without the necessity of the trial judge making a formal order to that effect.

4. The power to adjudicate controversies includes a power to make and enforce reasonable rules of procedure before the court. *Puckett v. Cook,* 586 P.2d 721, 723 (Okla.1978). This Court has recognized as effective local court rules that do not conflict with rules of general application promulgated by this Court, or statutes, or the Federal or State Constitutions. See *Texas Oklahoma Ex-*

A judge in the Seventh Judicial District need not specifically state in a ruling on a motion that the prevailing party prepare the journal entry. The prevailing party is already required by local rule to prepare such an entry, and an order to that effect in such a ruling would be surplusage. Had the trial judge not wanted the prevailing party to prepare a journal entry, or wanted its order of December 29th to serve as the journal entry, the judge's order could have stated such.

■ We conclude that (1) when an order on a motion is silent as to the prevailing party's duty to prepare a journal entry, and (2) a local rule requires the prevailing party to prepare, circulate, and present a proposed journal entry within a specified time of the court's order, then the court's order has the same effect, for the purpose of time to file a petition in error, as an order of the court directing the prevailing party to prepare a journal entry. An order directing the preparation of a journal entry is not appealable, and because of this the order of December 29, 1995 was not the appealable event. Rather, the date on which the subsequent journal entry was filed began the countdown for appeal. *McMillian v. Holcomb,* 907 P.2d at 1036.

Southwestern Bank's petition in error was filed within thirty days of the date the journal entry was filed in the District Court. The appeal is timely. 12 O.S.Supp.1994 § 990A(A). Bank IV's motion to dismiss is denied with prejudice to its renewal. Southwestern Bank's motion for oral argument and motion for clarification are denied. The appeal shall proceed.

HODGES, LAVENDER, HARGRAVE and WATT, JJ., concur.

WILSON, J., concurs in part and dissents in part.

KAUGER, C.J., and SIMMS and OPALA, JJ., dissent.

*press v. Sorenson, supra, Oklahoma County Sheriff v. Hunter, supra.* The dissenting opinion would appear to invalidate under Art. 5 sec. 46 any local rule that provides for a procedure different than used in the rest of the State. Our treatment of the local rule in question is perfectly consistent with 12 O.S. § 696.2, and *McMillian, supra.*

OPALA, Justice, with whom KAUGER, Chief Justice, and SIMMS, Justice, join, dissenting from this appeal's reinstatement.

On reconsideration of its earlier dismissal, the court concludes today that the petition in error was timely filed and *reinstates this appeal.* The court's opinion holds that the *January 12, 1996* record entry of the trial court's ruling tendered for our review—and not the earlier *December 29, 1995* filed memorial—triggers appeal time in this case. The court reasons that when an order disposing of a motion for summary judgment is silent as to a prevailing party's duty to prepare a journal entry, and *a local court rule* requires the prevailing party to do so, the order is to be treated as one which *merely directs* the prevailing party to prepare a journal entry and hence is not an appealable event.

*Today's holding rests on the fundamentally flawed notion that the timeliness of an appeal may ever be made dependent on local court rules.* Because the pronouncement (a) *violates* the uniformity-of-procedure mandate of Art. 5, § 46, Okl. Const.,[1] and (b) *impermissibly delegates* to the district courts the Supreme Court's exclusive, legislatively conferred power to regulate appellate process by its own rules, I recede from its opinion. I would hold that the earlier memorial's filing

date (December 29) triggered the appeal time and would dismiss the appeal as untimely.

## I

## THE ANATOMY OF LITIGATION

In a dispute between two banks on the issue of which entity should bear the loss for a check drawn on a closed account, the trial court took the plaintiff's [Bank IV] motion for summary relief under advisement and gave judgment to the movant. Memorializing his ruling on a printed court minute form, the trial judge (a) struck from the form the word "minute" and handwrote beneath it the word "order," (b) signed the memorial and (c) filed it on December 29, 1995.[2] The defendant [Southwestern Bank] received a copy of the December 29 memorial on January 2, 1996.[3] Bank IV later prepared an additional journal entry, which, when signed by the trial judge and both counsel, was filed on January 12, 1996. Southwestern Bank's petition in error was filed February 2, 1996.

Bank IV pressed for the appeal's dismissal, arguing that the appealable event was the December 29 memorial and that the February 2 appeal, brought more than 30 days after that date, came too late. This court

---

1. The terms of Art. 5, § 46, Okl. Const., state in pertinent part:

    "The Legislature shall not, except as otherwise provided in this Constitution, pass any *local* or special *law* authorizing:

    \* \* \* \* \* \*

    *Regulating the practice* or jurisdiction of ... *in judicial proceedings or inquiry before the courts* ... or other tribunals...." (Emphasis supplied.)

2. The pertinent terms of the handwritten December 29, 1995 record entry are:

    "COURT ~~MINUTE~~ [printed text]
    Order

    \* \* \* \* \* \*

    Sustained, Judgment for Plaintiff in amt of $86,839.75. It is uncontroverted that the defendant did not give plaintiff notice of dishonor of the check by midnight, July 13, 1995 as required by law. The possible excuses for not complying with the law as proposed by defendant are denied and w/o merit as well as the claim of waiver. Plaintiff granted 10 days to file motion for costs and attorney fees. Leamon Freeman Judge"

3. Although the appellate record contains no certificate of mailing, counsel for Southwestern Bank states in "Appellant's Response and Objection To Appellee's Motion to Dismiss" that he received the December 29, 1995 memorial on January 2, 1996.

    Admissions made in the briefs may be considered as supplementing and curing an otherwise deficient appellate record. *Stork v. Stork,* Okl., 898 P.2d 732, 737 n. 10 (1995); *Greenberg v. Wolfberg,* Okl., 890 P.2d 895, 904 n. 38 (1995); *Dyke v. Saint Francis Hospital, Inc.,* Okl., 861 P.2d 295, 303 n. 31 (1993); *Deffenbaugh v. Hudson,* Okl., 791 P.2d 84, 85 n. 3 (1990); *Sooner Fed. Savings and Loan Ass'n v. Oklahoma Central Credit Union,* Okl., 790 P.2d 526, 527 n. 1 (1990); *Reeves v. Agee,* Okl., 769 P.2d 745, 753 (1989); *Teel v. Teel,* Okl., 766 P.2d 994, 996 (1988); *Womack v. City of Oklahoma City,* Okl., 726 P.2d 1178, 1181 n. 8 (1986); *Timmons v. Royal Globe Ins. Co.,* Okl., 713 P.2d 589, 592 n. 10 (1986); *Norris v. Norris,* Okl., 695 P.2d 506, 507 (1984); *Greenwood v. Lyles & Buckner, Inc.,* Okl., 329 P.2d 1063, 1067 (1958); *Ramer v. State,* Okl., 302 P.2d 139, 140 (1956).

dismissed the appeal as untimely. Southwestern Bank argues on rehearing *for the first time* that the Rules of the Seventh Judicial District (Oklahoma County) "have expanded the statute [12 O.S.Supp.1993 § 696.2][4] and mandated, in every instance, that the prevailing party" prepare the journal entry. I cannot accede, as the court does today, to imposing a different procedure for Oklahoma County District Court appeals from that which governs in other counties.

## II

### TODAY'S ANOINTMENT OF *LOCAL RULE 12*[5] CREATES AN APPELLATE PRACTICE REGIME THAT OFFENDS THE CLEAR CONSTITUTIONAL MANDATE FOR PROCEDURAL UNIFORMITY

Art. 5, § 46, Okl. Const.,[6] prohibits the passage of "local" or "special" laws regulating judicial procedure or inquiry before the courts, commissioners or other tribunals.[7] The court gives Rule 12 a construction that clearly violates the § 46 procedural uniformity mandate. Because of today's pronouncement—which holds that a local rule can alter the legal effect of a memorial that strictly conforms to the provisions of 12 O.S.Supp. 1993 § 696.3[8]—*there will never again be a single regime of appellate procedure*, but instead 77 separate systems might potentially be spawned. Apart from its fundamental-law flaw, today's course is likely to develop into fatal traps for a multitude of nonresident lawyers unfamiliar with local court rules.

Our own jurisprudence, no less than the Legislature's enactments, must faithfully conform to the fundamental law's prohibition against non-uniform laws on prohibited subjects.[9] We cannot by judicial fiat mandate a

---

4. The pertinent terms of 12 O.S.Supp.1993 § 696.2 are:

"A. After the granting of a judgment, decree or appealable order, it shall be reduced to writing in conformance with Section 10 of this act, [§ 692.3] signed by the court, and filed with the court clerk. The *court may direct counsel* for any party to the action *to prepare a draft for the signature of the court*, in which event, the court may prescribe procedures for the preparation and timely filing of the judgment, decree or appealable order, including, but not limited to, the time within which it is to be submitted to the court. * * *" (Emphasis supplied.)

5. The pertinent terms of Rule 12, Rules of the Seventh Judicial District, are:

"* * * When a motion is ruled on, counsel for the prevailing party shall within ten (10) days thereafter prepare a journal entry of the ruling and present it to counsel for the adverse parties, and if it be approved by all the attorneys, it shall be presented to the court for signature. * * *".

6. For the pertinent terms of Art. 5, § 46, Okl. Const., see *supra* note 1.

7. *Maule v. Independent School Dist. No. 9*, Okl., 714 P.2d 198, 203–204 (1986); *Reynolds v. Porter*, Okl., 760 P.2d 816, 822 (1988); *Great Plains Federal S & L Assn. v. Dabney*, Okl., 846 P.2d 1088, 1095–1096 (1993) (Opala, J., concurring). *See also Brown v. Ford*, Okl., 905 P.2d 223, 228 (1995); *Simpson v. Dixon*, Okl., 853 P.2d 176, 183 (1993); *Tate v. Browning–Ferris, Inc.*, Okl., 833 P.2d 1218, 1229 (1992); *Johnson v. District Court of Oklahoma County*, Okl., 738 P.2d 151, 154 (1987) (Opala, J., concurring).

8. The pertinent terms of 12 O.S.Supp.1993 § 696.3 are:

"A. Judgments, decrees and appealable orders that are filed with the clerk of the court shall contain:
1. A caption setting forth the name of the court, the names and designation of the parties, the file number of the case and the title of the instrument;
2. A statement of the disposition of the action, proceeding, or motion, including a statement of the relief awarded to a party or parties and the liabilities and obligations imposed on the other party or parties;
3. The signature and title of the court; ...."

9. *Reynolds*, supra note 7 at 822. Although directed to the Legislature, the terms of Art. 5, § 46, Okl. Const., *supra* note 1, are no less binding on the courts. Special or local laws are those which single out less than an entire class of similarly affected persons or things for different treatment. A special law is one that rests on a false or deficient classification. "It creates preference and establishes inequity." *Barrett v. Board of Com'rs of Tulsa County*, 185 Okl. 111, 90 P.2d 442, 446 (1939); *Maule, supra* note 7 at 203 n. 30; *Dabney, supra* note 7 at 1095–1096 (Opala, J., concurring).

Even a rational classification would not save a local or special act from the § 46 taint. That section *absolutely condemns any disuniform law on a subject that is prohibited by its text. Reynolds, supra* note 7 at 822–823. Court procedure is among the prohibited subjects. *See* the provisions of § 46, *supra* note 1.

different procedure for Oklahoma County District Court appeals from that which applies to all other appeals. Today's distortion of the single state regime of procedure destroys the very fabric of uniformity that the constitution commands. It also relegates to utter inefficacy a memorial that fully meets the statutory filing criteria.

## III

## APPEAL TIME'S TRIGGER IS A LAW–DRIVEN MECHANISM WHICH MAY NOT BE POSTPONED BY LOCAL COURT RULES

Once an appealable event has occurred, a trial judge is utterly without authority to extend appeal time by any means or in any manner, direct or oblique;[10] neither may a nisi prius court allow the parties to control the time of a judgment's issuance. Appeal time's trigger is a law-driven mechanism which is beyond the reach of human tinkering.[11]

*Today's pronouncement usurps for the judiciary the very power that, until now, has been denied both the trial courts and this court—that of enlarging appeal time by any means.* The opinion's construction of Rule 12 gives a clear signal that trial judges (by *local* court rules) may now enlarge appeal time beyond an appealable event.

## IV

## THERE CAN BE BUT ONE AUTHENTIC MEMORIAL OF A JUDGMENT OR FINAL ORDER

This court stands committed to the principle that in the judgment roll of a case there can be only one authentic memorial of a judgment.[12] When confronted with two instruments that memorialize the same ruling, the court will deem the earlier entry to control over the later, even if the later should contain some matter not included in the former. This is the *Aishman v. Taylor* doctrine.[13] It protects the inviolability of the earlier-recorded memorial that stands unvacated. Its teaching is that a nisi prius judge may not, without resort to modification or vacation process,[14] "paper over" an earlier memorial. Absent orderly vacation process that culminates in relief, the later memorial of the same ruling will be regarded as a nullity on the face of the judgment roll. The law will not, and cannot, tolerate more than one record entry of the same ruling.[15]

The December 29, 1995 memorial's content and substance qualify it as a final disposition of Bank IV's quest for summary relief. It is the record entry rather than a mere court minute. A signed and recorded memorial that meets the § 696.3(A)[16] criteria must be treated as an appealable order.[17] Memorials should not be allowed to be piled, one upon the other, without a vacation of the earlier record entry.

**10.** *See Herring v. Wiggins*, 7 Okl. 312, 54 P. 483 (syl. 1) (1898); *Bellamy v. Washita Valley Telephone Co.*, 25 Okl. 792, 108 P. 389 (syl. 2) (1910); *Philbrock v. Home Drilling Co.*, 117 Okl. 266, 246 P. 457 (syl. 2) (1926); *Sowers v. Archer*, 161 Okl. 148, 17 P.2d 422, 423 (1932); *Starr v. Woods*, 162 Okl. 242, 19 P.2d 561, 562 (1933); *Watchorn v. General Finance & Sales Co.*, 162 Okl. 203, 19 P.2d 566 (syl. 2) (1933); *Manos v. Leche*, 205 Okl. 213, 236 P.2d 693, 695 (1951); *Salyer v. National Trailer Convoy, Inc.*, Okl., 727 P.2d 1361, 1362 n. 2 (1986); *Grant Square Bank & Trust Co. v. Werner*, Okl., 782 P.2d 109, 111 n. 4 (1989).

**11.** While a judge may not enlarge appeal time beyond an appealable event, he/she may, by the use of allowable statutory mechanisms, prevent that event from being triggered.

**12.** *Aishman v. Taylor*, Okl., 516 P.2d 244, 245 (1973). "A judgment is the final determination

of the rights of the parties in an action." 12 O.S.1991 § 681.

**13.** *See Aishman*, supra note 12.

**14.** The terms of 12 O.S.1991 §§ 1031 et seq. authorize the district court to vacate or modify its judgment (within prescribed times and on due notice given to all affected parties).

**15.** For a general discussion of the potential mischief a system of multiple record entries may generate, see *Mansell v. City of Lawton*, Okl., 877 P.2d 1120, 1127–28 (1994) (Opala, J., concurring in result).

**16.** For the pertinent provisions of 12 O.S.Supp. 1993 § 696.3(A), see *supra* note 8.

**17.** For the pertinent terms of 12 O.S.Supp.1993 § 696.2(A), see *supra* note 4.

## V

### TODAY'S PRONOUNCEMENT IS INCONSISTENT WITH THE TREATMENT GIVEN TO SIMILAR OKLAHOMA COUNTY ORDERS

This court has treated an earlier record entry from Oklahoma County—identical to that now in contest—as efficacious to trigger appeal time. In *Haynes v. Wal–Mart Stores, Inc.*[18] (1) an appeal was brought from an Oklahoma County summary judgment for the plaintiff; (2) the same trial judge as the one in the present case took the case under advisement; (3) his ruling was made on a printed court minute form from which he struck the word "minute" and handwrote next to it the word "order"; (4) the filed memorial, contrary to local Rule 12,[19] was silent as to the prevailing party's duty to prepare a journal entry; (5) this court's unpublished dismissal states that "the order was prepared in conformance with 12 O.S.Supp.1993 § 696.3"[20] and (6) the appellant's rehearing quest was soundly rejected.[21] Other similarly crafted orders from Oklahoma County—although not in conformance with local Rule 12—have been treated by this court's unpublished orders as appealable dispositions.[22]

I would give the December 29 record entry a meaning that is consistent with both this court's extant orders and with the State's fundamental-law mandate for the uniformity of procedure.

## VI

### TODAY'S OPINION OFFENDS THE TIME–HONORED PRINCIPLE THAT THE SUPREME COURT'S POWER TO REGULATE APPELLATE PROCEDURE BY RULES CANNOT BE REDELEGATED TO THE DISTRICT COURTS SITTING IN 77 COUNTIES

The court's willingness to share its rule-making power with the district courts not only violates Art. 5, § 46, Okl. Const.,[23] but also offends the very statute that is the source of its power to make rules.[24] Appellate jurisdiction must be invoked in the manner provided by law.[25] The norms that regulate the appellate clock are produced by an exercise of governmental power. Extant ju-

18. *Haynes v. Wal–Mart Stores, Inc.*, No. 85,461.

19. For the pertinent terms of Rule 12, Rules of the Seventh Judicial District, see *supra* note 5.

20. In *Haynes, supra* note 18, the dismissal order states:

"Appellee's motion to dismiss is granted and this appeal is dismissed as untimely because it was brought more than 30 days after the filing of the March 7, 1995 order. *This order was prepared in conformance with 12 O.S.Supp.1993 § 696.3 [supra note 8] and its filing commenced the running of the time to appeal. Mansell v. City of Lawton*, 877 P.2d 1120 (Okl.1994), 12 O.S.Supp.1993 § 990A(A). DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 19TH DAY OF JUNE, 1995. * * *

KAUGER, V.C.J., HARGRAVE, OPALA, SUMMERS, WATT, JJ.—concur.

WILSON, C.J.—dissenting, 'I would deny dismissal.' " (Emphasis supplied.)

21. The vote on denial of rehearing is Kauger, V.C.J., Hodges, Lavender, Hargrave, Opala, Summers, Watt, JJ., concur; and Simms, J., dissent.

22. *See, e.g., Little v. Department of Corrections*, No. 85,427; *Hansford v. Vinekar*, No. 86,297; *Uhl v. Aetna Finance Company*, No. 86,687. In each of these cases (which were filed in Oklahoma County) (a) the memorial on review was written and signed by the same trial judge (Leamon Freemon) as the one in this case; (b) the trial judge used a printed court minute form from which he struck the word "minute" and handwrote next to it the word "order"; (c) the record entry was silent as to the prevailing party's duty (under Rule 12) to prepare a journal entry and (d) the memorial was filed in the case.

23. For the pertinent terms of Art. 5, § 46, Okl. Const., see *supra* note 1.

24. The terms of 12 O.S.Supp.1994 § 990A(C) provide in pertinent part:

"C. The Supreme Court shall provide by rule, which shall have the force of statute, and be in furtherance of this method of appeal:

\* \* \* \* \* \*

3. The procedure to be followed for the completion and submission of the appeal taken hereunder."

25. The pertinent terms of Art. 7, § 4, Okl. Const., are:

" * * * The appellate and the original jurisdiction of the Supreme Court and all other appellate courts shall be invoked in the manner provided by law." (Emphasis mine.)

risprudence *invalidates* all standardless delegation of legislative power as well as all statutorily unauthorized transfers of executive and rulemaking powers. No entity may abandon or surrender to another any part of its own governmental responsibility.[26] This principle of constitutional dimension is known by the Latin maxim of *delegata potestas non potest delegari.*[27] *It is the law's extratextual yardstick for gauging the required conformity to the constitution's prohibition against impermissible relinquishment of delegated power.*

Because this court's rulemaking power comes by direct grant from the Legislature,[28] none of it may be conferred on the district courts or on any other person, institution or entity. By recognizing today that local rules may directly affect the computation of the appeal's commencement date, the court impermissibly abdicates its rulemaking powers to the district courts. Delegated authority to craft rules can neither be redelegated nor shared with district courts scattered over 77 counties. The power to govern appellate procedure by rules is the Supreme Court's alone. If the Legislature had intended to spawn 77 different procedural regimes, it would doubtless have authorized each district court to craft its own rules.

### VII

### SUMMARY

The court holds that *the later of two nisi prius memorials* disposing of Bank IV's motion for summary judgment—one that sets forth the very same terms as the former—triggered appeal time in this cause. Today's pronouncement rests on the view that a local rule requiring the prevailing party to pre-

pare the journal entry—not extended to all district courts by this court's procedural regime—may be read into an Oklahoma County memorial prepared in conformance with § 696.3.

Fundamental fairness can only be dispensed within the framework of orderly and uniform process.[29] General rules of appellate practice must *obey* the uniformity-of-procedure mandate of Art 5, § 46, Okl. Const. Today's opinion destroys the fabric of uniformity the constitution commands. It will doubtless lead to 77 different regimes of appellate procedure and invest the judiciary with the very power that, until now, has been denied both to the trial courts and to this court—that of enlarging the statutory appeal time by any means, direct or oblique.

The December 29 memorial's efficacy should be the same in Oklahoma County as in all other counties of the State. I would hence construe Rule 12 in harmony with the § 46 *uniformity-of-procedure* mandate and hold that it does not avail to enlarge the statutory appeal time.

By its recognition that local court rules may directly affect the time for the commencement of an appeal, today's pronouncement impermissibly relinquishes, by transfer to the district courts, the Supreme Court's exclusive, legislatively delegated power to regulate appellate procedure by its own rules.

I would treat the earlier (December 29) order as the efficacious journal entry in this case, whose filing triggered appeal time. It is for this reason that I can neither accede to

---

**26.** *Oklahoma City v. State ex rel. Dept. of Labor,* Okl., 918 P.2d 26, 29 (1996); *Matador Pipelines, Inc. v. Oklahoma Water Resources Bd.,* Okl., 742 P.2d 15, 18 (1987); *Democratic Party of Oklahoma v. Estep,* Okl., 652 P.2d 271, 277 n. 23 (1982); *American Home Products Corporation v. Homsey,* Okl., 361 P.2d 297, 301 (1961); *Herrin v. Arnold,* 183 Okl. 392, 82 P.2d 977, 982 (1938).

**27.** This maxim means that "delegated authority cannot be re-delegated". *See* Black's Law Dictionary at 426 (6th ed. 1990); *Bushert v. Hughes,* Okl., 912 P.2d 334, 339 (1996); *McMillian v. Holcomb,* Okl., 907 P.2d 1034, 1043 (1995) (Opa-

la, J., concurring in result); *Warner v. Martin,* 52 U.S. 209, 11 How. 209, 223, 13 L.Ed. 667 (U.S. 1850).

**28.** *See* the pertinent terms of 12 O.S.Supp.1994 § 990A(C), *supra* note 24

**29.** *Pryse Monument Co. v. District Court of Kay County,* Okl., 595 P.2d 435, 438 (1979); *Henry v. Corporation Commission,* Okl., 825 P.2d 1262, 1269–1270 (1992) (Opala, V.C.J., concurring); *Camps v. Taylor,* Okl., 892 P.2d 633, 637 (1995) (Opala, J., concurring).

today's holding nor to this appeal's reinstatement.