2009 OK CIV APP 96

**STATE of Oklahoma, Plaintiff/Appellee,**

v.

**Ryan Lee GILLE, Defendant/Appellant.**

**No. 106,016.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 30, 2009.

Ryan Lee Gille, Oklahoma City, Oklahoma, Pro Se.

David C. Cincotta, Assistant District Attorney, Oklahoma City, Oklahoma, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Defendant/Appellant Ryan Lee Gille seeks review of the trial court's order denying his motion to expunge records. In this appeal, Defendant challenges the trial court's order as affected by errors of both law and fact, and violative of his right to due process of law.

¶ 2 In May 2003, Defendant was arrested and charged with operation of a motor vehicle while under the influence of alcohol while underage, possession of marijuana and possession of paraphernalia. See, 47 O.S. Supp. 1999 § 6–106.4(A)(1)[1]; 63 O.S.2001 § 2–402(A)(1), (B)(2); 63 O.S. § 2–405(B). Upon

1. Renumbered as Title 47, § 11–906.4 by Laws 2000, 1st Ex.Sess., c. 8, § 33, eff. July 1, 2000.

a non-jury trial, Defendant was convicted of driving under the influence and possession of marijuana, for which he received a two-year deferred sentence.

¶ 3 Defendant appealed. The Court of Criminal Appeals found "the arresting officer did not have the requisite reasonable suspicion of criminal activity to justify the investigatory stop of" Defendant. The Court of Criminal Appeals consequently held Defendant's "judgment and sentence must be **REVERSED** and **REMANDED** with **INSTRUCTIONS TO DISMISS.**" (Emphasis original.) Upon transmission of the mandate to the trial court, and on motion to dismiss by the district attorney, the trial court dismissed the charges against Defendant by order filed November 14, 2005.

¶ 4 On August 13, 2007, Defendant pro se filed a Petition for Expungement of Record in his criminal case. Defendant alleged that, pursuant to 22 O.S.2001 § 18, and 22 O.S. Supp.2002 § 19, he was "entitled to have any record of the charges made expunged so that [he] need not mention them as part of [his] criminal record and may truthfully say no such action has ever occurred in accordance with 22 O.S. § 19."

¶ 5 Plaintiff/Appellee State of Oklahoma, through the Oklahoma County District Attorney, filed an objection to expungement and brief in support. State first asserted that Administrative Order No. AD7–95–16 of the trial court required that all petitions/motions for the expungement of criminal records be filed as a civil case and assigned to a judge in the trial court's civil division for disposition, but that Defendant improperly filed his Petition to Expunge in his criminal case.[2] State secondly argued expungement under 22 O.S. § 19 required a showing that "harm to privacy of the person or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records," and that it was not in the public interest to expunge

Defendant's records, because expungement was not intended to protect "individuals who were guilty of violating the laws of the State of Oklahoma, but who [were] able to have the evidence of that activity suppressed on a technicality."

¶ 6 Defendant then filed a motion for summary judgment. Defendant asserted he had established a prima facie showing of harm as a required by § 19, but that State had wholly failed to establish any grounds for denial of expungement. *See, Hoover v. State,* 2001 OK CR 16, 29 P.3d 591; *State v. McMahon,* 1998 OK CIV APP 103, 959 P.2d 607. State answered, adopting the arguments of its previous objection and brief. Defendant replied, arguing that AD7–95–16 constituted a directive to the Court Clerk for processing of pleas for expungement of records, that he bore no responsibility for the Clerk's mistake in filing his Petition for Expungement in the criminal case, that the trial court in his criminal case retained jurisdiction to consider his petition to expunge, and that refusal to expunge his record on account of non-compliance with the trial court's administrative order violated his constitutional right to due process. Defendant asserted he had been denied employment on account of the unexpunged records, and that, given reversal of his convictions with instructions to dismiss, and harm to him, the trial court should order his record expunged.

¶ 7 On consideration of the parties' filings and arguments, the trial court denied Defendant's Petition to Expunge, holding:

1. The Defendant does not qualify for an expungement pursuant to 22 O.S. § 991c.

2. The Court makes no findings as to whether Defendant is eligible for expungement pursuant to 22 O.S. §§ 18 and 19.

---

**2.** Administrative Order AD7–95–16, filed April 15, 1995, and signed by Daniel L. Owens, then Presiding Administrative Judge of the Seventh Judicial District (which includes Oklahoma County), provides:

Effective immediately, all petitions/motions for the expungement of criminal records shall be filed with a CJ designation. The case shall

be assigned pursuant to the randomly selected assignment process utilized by the Court Clerk and shall be heard by the assigned judge in the civil division.

The pleadings and notice given shall comply with 22 O.S. §§ 18, 19.

All pursuant to 22 O.S. §§ 18, 19.

3. Defendant's Petition for Expungement of Record and Motion for Summary Judgment were filed in violation of Administrative Order AD7–95–16.

4. Nothing in this order should be construed to prohibit the Defendant from filing a Petition for Expungement of Record pursuant to AD7–95–16.

Defendant appeals.

¶ 8 In this appeal, Defendant asserts the trial court erred in denying him relief pursuant to 22 O.S. §§ 18, 19 and 991c. Particularly, Defendant argues that, given the Court of Criminal Appeals' order reversing his convictions and remanding to the trial court with instructions to dismiss, expungement is required by the plain language of §§ 18, 19 and 991c, and denial of his petition by the trial court violated his due process right to be heard.

### Review of Orders for Expungement

¶ 9 Prior to 1999, orders entered under § 19 were subject to review as a civil appeal. See, *In re Adoption of Supreme Court Rules for Expungement of Records*, 2005 OK 32, ¶ 1, 120 P.3d 861; *McMahon*, 1998 OK CIV APP 103, ¶ 10, 959 P.2d at 609, fn. 1. Effective November 1, 1999, however, the legislature directed review of orders entered under § 19 by the Oklahoma Court of Criminal Appeals. *In re Adoption of Rules*, 2005 OK 32, ¶ 2, 120 P.3d at 861; *Hoover*, 2001 OK CR 16, ¶ 2, 29 P.3d at 591; 22 O.S. Supp.1999 § 19.[3,4] In the 2002 session, the legislature amended § 19 to require review of expungement orders by the Oklahoma Supreme Court. 22 O.S. Supp.2002 § 19(C)[5,6]; *In re Adoption of Rules*, 2005 OK 32, ¶ 3, 120 P.3d at 861. Consequently, the instant appeal has been assigned to this Court for review.

### Relief Under 22 O.S. § 991c

■ ¶ 10 Upon completion of the conditions of a deferred judgment, subsections

(C)(1) and (2) of § 991c, 22 O.S. Supp.2003, require that "the verdict or plea of guilty or plea of nolo contendere" shall be expunged from the record, that "[a]ll references to the defendant's name shall be deleted from the docket sheet," and "[t]he public index of the filing of the charge shall be expunged by deletion, mark-out or obliteration." Pursuant to subsection (C)(5) of § 991c:

5. Defendants qualifying under [22 O.S.] Section 18 . . . may petition the court to have the filing of the indictment and the dismissal expunged from the public index and docket sheet. This section shall not be mutually exclusive of Section 18 of this title.

In the present case, however, Defendant did not complete a deferred sentence. Rather, the convictions upon which he received a deferred sentence were reversed, and the underlying charges were dismissed. Section 991c does not provide for expungement in such a case. The trial court did not err in holding Defendant did not qualify for an expungement pursuant to 22 O.S. § 991c.

### Relief Under 22 O.S. §§ 18 and 19

¶ 11 Section 18(A)(2) of title 22, O.S.2001, authorizes the filing of a motion or petition for expungement of criminal records by a person whose "conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction." "Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed." 22 O.S. § 19(C).

■ ¶ 12 Relevant to this appeal, we observe the trial court is empowered to adopt reasonable rules for the expeditious resolution of matters presented to it. *See, e.g., Bank IV Oklahoma, N.A, v. Southwestern Bank & Trust Co.*, 1997 OK 31, ¶ 8, 935 P.2d 323, 326; *Petuskey v. Freeman*, 1995 OK 9,

3. ". . . . Any order entered pursuant to this subsection may be appealed to the Oklahoma Court of Criminal Appeals in accordance with the rules of the Oklahoma Court of Criminal Appeals."

4. Laws 1999, c. 234, § 1, eff. Nov. 1, 1999.

5. ". . . . Any order entered pursuant to this subsection may be appealed by the petitioner, the district attorney, the arresting agency, or the Oklahoma State Bureau of Investigation to the Oklahoma Supreme Court in accordance with the rules of the Oklahoma Supreme Court."

6. Laws 2002, c. 475, § 2.

¶ 2, 890 P.2d 948, 950. The trial court's adoption and application of its rules will not be disturbed unless contrary to constitutional or statutory guarantees. *Bank IV Oklahoma, N.A.,* 1997 OK 31, ¶ 8, 935 P.2d at 326.[7]

██ ¶ 13 In 1995, the trial court adopted Administrative Order No. AD7–95–16 and directed consideration of a motion or petition for expungement of records as a civil matter. Treatment of a motion or petition for expungement of records as a civil matter is entirely consistent with the view, expressed in *McMahon,* that motions or petitions to expunge invoked the civil, equitable powers of the court. 1998 OK CIV APP 103, ¶ 10, 959 P.2d at 609, fn. 1. Treatment of a motion or petition for expungement of records as a civil matter is also entirely consistent with 22 O.S. Supp.2002 § 19(C) directing review of orders granting or denying a petition or motion to expunge by the Oklahoma Supreme Court. The trial court's Administrative Order No. AD7–95–16 was obviously intended to funnel motions or petitions to expunge to the civil division and, in our opinion, constitutes a proper exercise of the trial court's rule making powers.

¶ 14 In the present case, the trial court rejected Defendant's Petition to Expunge for failure to comply with Administrative Order No. AD7–95–16, but without prejudice to refiling as a civil claim. Because Defendant may refile his Petition to Expunge as a civil matter, Defendant has suffered no denial of his due process right to be heard on the merits of his expungement plea.

¶ 15 Under the facts and circumstances of the present case, we cannot say the trial court erred. The order of the trial court is AFFIRMED, but without prejudice to refiling and consideration of Defendant's Petition for Expungement as a civil matter pursuant to Administrative Order No. AD7–95–16.

MITCHELL, C.J., concurs; HANSEN, P.J., dissents.

7. "District Courts may impose a local rule that has the force and effect of law when it does not conflict with statute, the Oklahoma Constitution or U.S. Constitution." (Citations omitted.)